IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JILL E. PETERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 3:24-CV-1362-N |
| | § | |
| 2905 GREENVILLE PARTNERS, LLC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Jill E. Peterson's motion for preliminary injunction [2]. Because Peterson fails to make a sufficient showing of irreparable injury, the Court denies the motion.

I. ORIGINS OF THE DISPUTE

Peterson seeks to enjoin Defendants 2905 Greenville Partners, LLC, PBA Hospitality Group, LLC, Goodwin's Restaurant Group, Austin Rodgers, Jeff Bekavac, David Cash, and Patrick Smith's use of the name "The Goose Bar" in association with the bar within their new restaurant named Goodwin's. Peterson claims that naming the bar within Goodwin's "The Goose Bar" infringes upon her federal trademark registrations. *See* Pl.'s Mot. 17.

Peterson is the owner of the restaurant chain, Blue Goose Cantina, which has seven locations across Collin, Dallas, and Tarrant counties. *Id.* at 1. Peterson has two registered trademarks: (1) for the name "Blue Goose" used in restaurant and bar services and (2) for

a cartoon image of a blue goose, in a sombrero, sitting, and playing a guitar. *Id.* at 2. The original Blue Goose Cantina was located at the site of Defendants' current location. *Id.* For reasons unrelated to this litigation, Peterson had to close her Greenville Avenue location in Dallas in March 2023. *Id.* Defendants entered an agreement with the landlord of the Greenville location intending to open a new bar/restaurant in the Blue Goose Cantina's former location. *Id.* The new restaurant was to be named Goodwin's with an internal bar named "The Goose Bar." *Id.* Prior to Goodwin's opening, Peterson expressed her concern to Defendants regarding their intention to name the internal bar "The Goose Bar." Peterson alleges Defendants never responded. *Id.* at 3. Goodwin's opened May 21, 2024, with "The Goose Bar" as an internal bar as planned. *Id.* at 4. Peterson promptly filed suit for unfair competition and trademark infringement and filed the instant motion to enjoin Defendants from infringing on her trademarks.

## II.  LEGAL STANDARD FOR A PRELIMINARY INJUNCTION

To obtain injunctive relief, a party must establish (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974)). A preliminary injunction "is appropriate only if the anticipated injury is imminent and irreparable," *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975), and not speculative. *ADT, LLC v. Capital Connect, Inc.*, 145 F. Supp. 3d 671, 694 (N.D. Tex. 2015); *see also*

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient" to show irreparable harm.).

### III. THE COURT DENIES THE MOTION FOR A PRELIMINARY INJUNCTION

Peterson argues that Defendants' internal bar will irreparably harm her trademark because the public could confuse "The Goose Bar" as being affiliated with Blue Goose Cantina, which makes Blue Goose Cantina's reputation, in part, dependent on the quality of service provided by Defendants' bar and restaurant. Pl.'s Mot. 15–16. But Peterson, herself, admits that "so far as is known, Defendants bar/restaurant offers satisfactory service to the public . . . ." *Id.* at 15. Therefore, Peterson's fear of imminent irreparable harm is only speculative. Accordingly, the Court denies Peterson's motion for a preliminary injunction for lack of a non-speculative showing of irreparable harm.

### CONCLUSION

For the foregoing reasons, Peterson failed to carry her burden of showing why a preliminary injunction should be issued in this case. Therefore, the Court denies Peterson's motion for a preliminary injunction.

Signed July 22, 2024.

_____
David C. Godbey
Chief United States District Judge